IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STERLING GRIMES,<br>    Plaintiff,<br><br>v.<br><br>BALDWIN COUNTY COMMISSION,<br>BALDWIN COUNTY EMERGENCY<br>MANAGEMENT AGENCY, REGGIE L.<br>CHITWOOD,<br><br>    Defendants. | CASE NO. _____<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

1.   Plaintiff brings the instant matter and claims Defendants discriminated against her under the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101, *et seq*. Plaintiff was denied accommodations and terminated due to her pregnancy and certain medical conditions classifying hers as a "high risk" pregnancy. Plaintiff hereby seeks all damages available to her under the laws of the United States of America and the State of Alabama.

### PARTIES, VENUE AND JURISDICTION

2. Jurisdiction is properly set in the United States District Court pursuant to 42 U.S.C.A. §12101, *et seq*., 29 U.S.C.A. §621, 29 U.S.C. Chap. 28, and under 28 U.S.C. §1331 and §1343(4).

3. Venue is properly found in the Southern District of Alabama, Southern Division, in that all parties and the actions complained of herein occurred or are found within Baldwin County, Alabama.

4. On or about March 20, 2017, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

5. Sterling Grimes is an individual female of sound mind and over the age of nineteen. At all times relevant to this action, Plaintiff Grimes is a resident citizen of Baldwin County, Alabama. At all times relevant to the instant action, Plaintiff was an employee of Defendants Baldwin County Commission and BCEMA.

6. Defendant Baldwin County Commission is the administrative governmental body of Baldwin County in the State of Alabama. Defendant is an employer within the meaning of the Americans With Disabilities Act of 1990, 42 U.S.C.A. §12101, *et seq*.

7. Defendant Baldwin County Emergency Management Agency (hereinafter "BCEMA") is a department of the Baldwin County Commission, located primarily at 23100 McAuliffe Drive, Robertsdale, Alabama. Defendant is an employer within the meaning of the Americans With Disabilities Act of 1990, 42 U.S.C.A. §12101, *et seq*.

8. Defendant Reggie L. Chitwood is an individual of sound mind and over the age of nineteen. Upon information and belief, Defendant Chitwood is the manager and director of Defendant Baldwin County EMA.

## FACTS

9. Throughout part of 2015 and 2016, Plaintiff was employed by the Defendants and managed by Defendant Chitwood as Chief Administrative Assistant and Public Information Officer for Defendant BCEMA.

10. During all times relevant to these matters, Plaintiff as well as at least five other employees of Defendants, were hourly office workers on a full-time basis, working forty hours per week.

11. In early 2016, Plaintiff became pregnant and was diagnosed by her physician as having a "high risk" pregnancy. Plaintiff's physician required her to attend additional medical appointments on a regular basis for monitoring and follow-up. Following her pregnancy and maternity, Plaintiff was expected to return to normal work with no restrictions or limitations.

12. Plaintiff informed her supervisor, Defendant Chitwood, of these conditions and the need for accommodations in the form of leave for medical appointments, as well as other normal pregnancy restrictions.

13. Upon information and belief, Plaintiff and other office employees were permitted to attend medical visits or similar personal matters during the work day without being required to clock out upon leaving and clock in upon returning.

14. During her pregnancy, Plaintiff was instructed by Defendant Chitwood that she was no longer permitted to leave work without clocking out. Upon information and belief, other employees were still permitted to leave without clocking out during this time.

15. Upon information and belief, prior to Plaintiff's pregnancy, Plaintiff and other office employees were permitted to make up lost time by arriving to work early or staying late, so that each employee reaches forty hours of work each week.

16. After becoming pregnant and requiring specific medical treatment, Plaintiff was instructed by Defendant Chitwood that she was no longer permitted to make up lost work by arriving early or staying late. Plaintiff was informed by Defendant Chitwood that she would be paid for less than forty hours per week based on her missed time.

17. Upon information and belief, Plaintiff was frequently required to complete tasks after regular business hours, such as updating social media postings on public safety or emergency situations. Plaintiff was instructed by Defendant Chitwood that she would not be paid for the time spent in completing these tasks.

18. During the pendency of her pregnancy, Defendant Chitwood repeatedly questioned Plaintiff regarding her expected maternity leave. Defendant questioned her regarding the date she would take leave, how long she would on leave, and when she would return.

19. Defendant Chitwood's behavior and restrictions on Plaintiff created an atmosphere of uneasiness, discomfort, and alienation in the workplace, and caused Plaintiff emotional distress and mental anguish.

20. On or about July 28, 2016, Plaintiff attended a regularly-scheduled medical appointment in Fairhope, Alabama, which was set for approximate 8:00 am. Plaintiff

had notified her immediate supervisor, John Frank, Deputy Director, of her medical appointment and her expected time of arrival to the office.

21. Upon information and belief, Deputy Director John Frank clocked Plaintiff in for the day while she was still out of the office, just as other employees were permitted to do at the time.

22. Upon Plaintiff's return to the office on the day in question, Defendant Chitwood became aware that she was clocked in prior to arrival. After investigating the matter and learning of Mr. Frank's action, Defendant Chitwood notified Plaintiff and Mr. Frank of their termination.

23. On or about August 1, 2017, Plaintiff and Mr. Frank were permitted an appeal hearing before Defendant Chitwood and representatives of the Defendant Baldwin County Commission. Plaintiff's appeal was denied and she was instructed to resign from her position as of that date.

24. Upon information and belief, Plaintiff's termination violated her civil rights, federal law, state law, and the employee policies of the Defendant Baldwin County Commission. Defendants failed to follow their own human resources policies by terminating Plaintiff without formal warnings, intermediate sanctions, or other forms of employee discipline, as prescribed by their own policies.

25. Plaintiff immediately suffered monetary losses, missed employee benefits, insurance coverage, and other damages as she prepared for the birth of her child. These matters caused Plaintiff to endure severe and lasting emotional distress and mental anguish.

## COUNT ONE: DISCRIMINATION BY BALDWIN COUNTY COMMISSION IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT OF 1990

26. Plaintiff herein incorporates and re-alleges each of the foregoing paragraphs as though fully stated herein.

27. Plaintiff's employment was terminated, in substantial part, due to her physical and medical condition, disability, and the defendants' perception and treatment of Plaintiff and her disabilities.

28. Defendants discriminated against Plaintiff by denying her benefits, accommodations, and opportunities readily available to other employees, and by terminating her employment for reasons directly related to her disability, pregnancy and high risk medical conditions.

29. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered monetary losses, including wages, bonuses, insurance coverage, and other employment benefits.

30. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer severe and lasting mental anguish, emotional distress, embarrassment, humiliation, and other consequential damages and expenses.

31. The actions and conduct of defendants were outrageous and malicious, were intended to injure Plaintiff, and were done with reckless indifference to Plaintiff's protected civil rights, entitled Plaintiff to an award of punitive damages.

WHEREFORE, PLAINTIFF respectfully requests this Honorable Court enter judgment against the Defendants in an amount determined by a jury for compensatory damages,

punitive damages, attorney fees, litigation costs, and other compensation permitted by federal and state law.

### COUNT TWO: DISCRIMINATION BY BALDWIN COUNTY EMERGENCY MANAGEMENT AGENCY IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT OF 1990

32. Plaintiff herein incorporates and re-alleges each of the foregoing paragraphs as though fully stated herein.

33. Plaintiff's employment was terminated, in substantial part, due to her physical and medical condition, disability, and the defendants' perception and treatment of Plaintiff and her disabilities.

34. Defendants discriminated against Plaintiff by denying her benefits, accommodations, and opportunities readily available to other employees, and by terminating her employment for reasons directly related to her disability, pregnancy and high risk medical conditions.

35. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered monetary losses, including wages, bonuses, insurance coverage, and other employment benefits.

36. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer severe and lasting mental anguish, emotional distress, embarrassment, humiliation, and other consequential damages and expenses.

37. The actions and conduct of defendants were outrageous and malicious, were intended to injure Plaintiff, and were done with reckless indifference to Plaintiff's protected civil rights, entitled Plaintiff to an award of punitive damages.

WHEREFORE, PLAINTIFF respectfully requests this Honorable Court enter judgment against the Defendants in an amount determined by a jury for compensatory damages, punitive damages, attorney fees, litigation costs, and other compensation permitted by federal and state law.

### COUNT TWO: DISCRIMINATION BY REGGIE L. CHITWOOD IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT OF 1990

38. Plaintiff herein incorporates and re-alleges each of the foregoing paragraphs as though fully stated herein.

39. Plaintiff's employment was terminated, in substantial part, due to her physical and medical condition, disability, and the defendants' perception and treatment of Plaintiff and her disabilities.

40. Defendants discriminated against Plaintiff by denying her benefits, accommodations, and opportunities readily available to other employees, and by terminating her employment for reasons directly related to her disability, pregnancy and high risk medical conditions.

41. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered monetary losses, including wages, bonuses, insurance coverage, and other employment benefits.

42. As a proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer severe and lasting mental anguish, emotional distress, embarrassment, humiliation, and other consequential damages and expenses.

43. The actions and conduct of defendants were outrageous and malicious, were intended to injure Plaintiff, and were done with reckless indifference to Plaintiff's protected civil rights, entitled Plaintiff to an award of punitive damages.

WHEREFORE, PLAINTIFF respectfully requests this Honorable Court enter judgment against the Defendants in an amount determined by a jury for compensatory damages, punitive damages, attorney fees, litigation costs, and other compensation permitted by federal and state law.

Respectfully submitted this the 12th day of June, 2017.

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY.**

/s/ Adam S. Gober, Esq.
Adam S Gober (GOB003)
Attorney for Plaintiff

OF COUNSEL:
ADAM S. GOBER, ATTORNEY AT LAW, LLC
7581 Spanish Fort Boulevard
Spanish Fort, Alabama 36527
Telephone (251) 753-7544
Facsimile (888) 814-9402
adam@adamgoberlaw.com

Please serve the Defendants at the following addresses:

Baldwin County Commission
Baldwin County Administrative Building
312 Courthouse Square, Suite 12
Bay Minette, Alabama 36507

Baldwin County Emergency Management Agency
23100 McAuliffe Drive
Robertsdale, Alabama 36567

Reggie L. Chitwood
23100 McAuliffe Drive
Robertsdale, Alabama 36567